# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### DELTA DIVISION

GEORGE PIERCE                                               PETITIONER

v.                                                    No. 2:05CV249-P-A

THOMAS TAYLOR, ET AL.                             RESPONDENTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of George Pierce for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition as untimely filed, and the petitioner has responded. The matter is ripe for review. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be dismissed with prejudice as untimely filed under 28 U.S.C. § 2244(d).

## Facts and Procedural Posture

The petitioner was convicted for capital murder in the Circuit Court of Coahoma County, Mississippi. He was sentenced to life imprisonment in the custody of the Mississippi Department of Corrections. On October 11, 2001, the Mississippi Supreme Court affirmed the petitioner's conviction and sentence. *Carter and Pierce v. State,* 799 So. 2d 40 (Miss. 2001) (Cause No. 2000-KA-00758-COA). The petitioner did not file a petition for writ of *certiorari* with the Mississippi Supreme Court. The petitioner filed "An Application For Leave To Proceed In The Trial Court" and a "Motion For Post-Conviction Collateral Relief" on November 16, 2004. The Mississippi Supreme Court denied that application on December 16, 2004. The petitioner filed the instant federal petition for a writ of *habeas corpus* December 14, 2005.

**Discussion**

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

>    (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

The petitioner's conviction became final, and the statute of limitations for federal *habeas corpus* relief began to run, when the time for seeking *certiorari* review expired – ninety days after the Mississippi Supreme Court denied his petition for *certiorari* review. *Id.; Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003). Thus, the petitioner's conviction became final on January 9, 2002 (October 11, 2001 + 90 days). The petitioner filed an application for state post-conviction relief on November 16, 2004, nearly two years after his January 9, 2003, deadline for filing a federal petition for a writ of *habeas corpus*. As such, the petitioner does not enjoy the benefit of statutory tolling of the one-year federal limitations period in this case.

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case the petitioner did not date his petition. As such, his federal petition was filed sometime between December 10, 2005,[1] and the date it was received and stamped as "filed" in the district court on December 14, 2005. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed 1,066 days after the January 9, 2003, filing deadline. The petitioner does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d at 513-14. The instant petition shall thus dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion shall issue today.

SO ORDERED, this the 5th day of May, 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE

---

[1]The court has allowed the petitioner the benefit of having deposited his *habeas corpus* petition with prison officials four days prior to the date the petition was received in this court instead of the standard three days to account for the intervening Sunday, a day on which the mail would not run.